IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **FRERITA H.-T.**,[1]<br><br>        Plaintiff,<br><br>    v.<br><br>**COMMISSIONER, SOCIAL SECURITY ADMINISTRATION**,<br><br>        Defendant. | Case No. 3:20-cv-01103-IM<br><br>**OPINION AND ORDER** |

Kevin Kerr, Kerr Robichaux & Carroll, PO Box 14490, Portland, OR 97293. Attorney for Plaintiff.

Scott Erik Asphaug, Acting United States Attorney, and Renata Gowie, Assistant United States Attorney, United States Attorney's Office, 1000 SW Third Avenue, Suite 600, Portland, Oregon 97204; Frederick D. Fripps, Special Assistant United States Attorney, Office of General Counsel, Region X, Social Security Administration, 701 5th Avenue, Suite 2900 M/S 221A, Seattle, WA 98104.

**IMMERGUT, District Judge.**

        Plaintiff seeks judicial review pursuant to 42 U.S.C. §§ 405(g) and 1383(c) of the

Commissioner of the Social Security Administration's ("Commissioner") final decision denying

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of the non-governmental party in this case. Where applicable, this Opinion uses the same designation for a non-governmental party's immediate family member.

PAGE 1 – OPINION AND ORDER

her application for Title XVI Supplemental Security Income ("SSI"). For the reasons stated below, this Court finds that the Administrative Law Judge ("ALJ") did not commit harmful error in declining to address a medical source opinion. Accordingly, the ALJ's decision is AFFIRMED.

## STANDARD OF REVIEW

The district court must affirm the Commissioner's decision if it is based on the proper legal standards and the findings are supported by substantial evidence. 42 U.S.C. § 405(g); *see also Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). "Substantial evidence" means "more than a mere scintilla but less than a preponderance." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009) (internal quotation marks omitted) (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (internal quotation marks omitted) (quoting *Andrews*, 53 F.3d at 1039).

Where the evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is a rational reading of the record, and this Court may not substitute its judgment for that of the Commissioner. *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193, 1196 (9th Cir. 2004). "[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (internal quotation marks omitted) (quoting *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006)). A reviewing court, however, may not affirm the

PAGE 2 – OPINION AND ORDER

Commissioner on a ground upon which the Commissioner did not rely. *Id.*; *see also Bray*, 554 F.3d at 1226.

## BACKGROUND

### A. Plaintiff's Application

Plaintiff was born in 1968. AR 111. She has no past relevant work. AR 23, 247. Plaintiff filed an application for SSI on October 11, 2017, alleging disability since July 19, 2011; Plaintiff amended the alleged onset date to the protective filing date. AR 15, 33. She was 49 years old on the alleged onset date.

Plaintiff's application was denied initially and upon reconsideration. AR 97–109; 111–28. Plaintiff requested a hearing. AR 159–61. Plaintiff appeared with counsel at an administrative hearing on July 17, 2019, before ALJ Vadim Mozyrsky. AR 30.

On August 8, 2019, the ALJ issued a decision finding that Plaintiff had not been under a disability since October 11, 2017, the date the application was filed. AR 15–24. On September 19, 2019, Plaintiff requested review of the ALJ's decision by the Appeals Council. AR 4, 195–98. On May 4, 2020 the Appeals Council denied the request for review making the ALJ's decision the Commissioner's final administrative decision in this case. AR 1–6. Plaintiff now seeks review of the Commissioner's decision.

### B. The Sequential Analysis

A claimant is disabled if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A). "Social Security Regulations set out a five-step sequential process for determining whether an applicant is disabled within the meaning of the Social Security Act." *Keyser v. Comm'r Soc. Sec. Admin.*, 648 F.3d 721, 724 (9th Cir. 2011); *see also* 20 C.F.R.

PAGE 3 – OPINION AND ORDER

§§ 404.1520 (disability insurance benefits), 416.920 (SSI); *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). Each step is potentially dispositive. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The five-step sequential process asks the following series of questions:

1. Is the claimant performing "substantial gainful activity?" 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). This activity is work involving significant mental or physical duties done or intended to be done for pay or profit. 20 C.F.R. §§ 404.1510, 416.910. If the claimant is performing such work, she is not disabled within the meaning of the Act. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If the claimant is not performing substantial gainful activity, the analysis proceeds to step two.

2. Is the claimant's impairment "severe" under the Commissioner's regulations? 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). An impairment or combination of impairments is "severe" if it significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1520(c), 416.920(c). Unless expected to result in death, this impairment must have lasted or be expected to last for a continuous period of at least 12 months. 20 C.F.R. §§ 404.1509, 416.909. If the claimant does not have a severe impairment, the analysis ends. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant has a severe impairment, the analysis proceeds to step three.

3. Does the claimant's severe impairment "meet or equal" one or more of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, then the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).

>   If the impairment does not meet or equal one or more of the listed impairments, the analysis continues. At that point, the ALJ must evaluate medical and other relevant evidence to assess and determine the claimant's residual functional capacity ("RFC"). This is an assessment of work-related activities that the claimant may still perform on a regular and continuing basis, despite any limitations imposed by his or her impairments. 20 C.F.R. §§ 404.1520(e), 404.1545(b)–(c), 416.920(e), 416.945(b)–(c). After the ALJ determines the claimant's RFC, the analysis proceeds to step four.
>
> 4. Can the claimant perform his or her "past relevant work" with this RFC assessment? If so, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant cannot perform his or her past relevant work, the analysis proceeds to step five.
>
> 5. Considering the claimant's RFC and age, education, and work experience, is the claimant able to make an adjustment to other work that exists in significant numbers in the national economy? If so, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v), 404.1560(c), 416.960(c). If the claimant cannot perform such work, he or she is disabled.

*Id.; see also Bustamante v. Massanari*, 262 F.3d 949, 954 (9th Cir. 2001).

The claimant bears the burden of proof at steps one through four. *Bustamante*, 262 F.3d at 953; *see also Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999); *Yuckert*, 482 U.S. at 140–41. The Commissioner bears the burden of proof at step five. *Tackett*, 180 F.3d at 1100. At step five, the Commissioner must show that the claimant can perform other work that exists in significant numbers in the national economy, "taking into consideration the claimant's residual

functional capacity, age, education, and work experience." *Id.* at 1099, 1100; *see also* 20 C.F.R. §§ 404.1566, 416.966 (describing "work which exists in the national economy"). If the Commissioner fails to meet this burden, the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If, however, the Commissioner proves that the claimant is able to perform other work existing in significant numbers in the national economy, the claimant is not disabled. *Bustamante*, 262 F.3d at 953–54; *Tackett*, 180 F.3d at 1099.

## C.  The ALJ's Decision

At step one of the sequential evaluation process, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since the date of her application, October 11, 2017. AR 17. The ALJ found at step two that Plaintiff "has the following severe impairments: obesity, diabetes, asthma, retinopathy, cataracts, degenerative disc disease, bilateral knee degenerative joint disease, right shoulder degenerative joint disease, osteoarthritis of the hips, bilateral hammertoes, polyneuropathy, depression, personality disorder, posttraumatic stress disorder (PTSD), substance addiction disorder." *Id.* The ALJ concluded at step three that none of Plaintiff's impairments meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 202, Subpart P, Appendix 1. *Id.* The ALJ further found that Plaintiff

> has the residual function capacity to perform light work as defined in 20 CFR 416.967(b). [Plaintiff] can occasionally lift and carry up to 20 pounds and frequently lift and carry up to 10 pounds, sit up to 6 hours in an 8-hour day and stand or walk 4 hours in an 8-hour day. She can push and pull as much as lift and carry. No overhead reaching with the right (dominant) upper extremity. She can never climb ladders and scaffolds but occasionally climb ladders and stairs, occasionally, stoop, kneel, crouch, and crawl. [Plaintiff] can have no exposure to hazards such as unprotected heights, operating heavy machinery or operating motor vehicles. No constant exposure to airborne irritants such as dusts, fumes, and gasses. She must avoid even moderate exposure to machinery causing vibrations. [Plaintiff] is limited to frequent, superficial (defined as can be around coworkers frequently but tasks should be completed individually without the need for coordinate efforts with

>    coworkers) interaction with coworkers and occasional interaction
>    with the general public.

AR 19–20. The ALJ found at step four that Plaintiff had no past relevant work and that transferability of job skills was thus not an issue. AR 23. Finally, at step five, the ALJ considered Plaintiff's age, education, work experience, and RFC, as well as the testimony from a vocation expert. AR 23–24. The ALJ concluded that jobs exist in significant numbers in the national economy that Plaintiff can perform. *Id.* The ALJ identified the following potential jobs: (1) bench assembler, DOT 706.684-022; (2) small parts assembler, DOT 739.687-030; and (3) garment sorter, DOT 222-687.014. AR 24. Based on the foregoing, the ALJ concluded that Plaintiff had not been disabled since October 11, 2017. *Id.*

## DISCUSSION

Plaintiff argues that the ALJ erred by failing to address a medical source opinion. ECF 10 at 4. Specifically, Plaintiff challenged the ALJ's finding that Dr. Nora Aaron, ND, "did not offer an opinion as to [Plaintiff's] function[;] as such, the blank medical source statements is [sic] neither persuasive nor supported." AR 23 (citation omitted).

### A. The ALJ Did Not Commit Harmful Error in Finding a Treating Medical Source Unpersuasive

1. **Legal Standards**

The parties agree that the revised Social Security regulations that govern clams filed on or after March 27, 2017 apply in this case. 20 C.F.R. § 404.1520c; *see Woods v. Kijakazi*, 32 F.4th 785, 791–92 (9th Cir. 2022). Under the new regulations, an ALJ "will explain how [h]e considered the supportability and consistency factors for a medical source's medical opinions." *Woods*, 32 F.4th at 792 (quoting 20 C.F.R. § 404.1520c(b)(2)).

A medical source is "an individual who is licensed as a healthcare worker by a State and working within the scope of practice permitted under State or Federal law." 20 C.F.R. §

PAGE 7 – OPINION AND ORDER

404.1502(d). A medical opinion "is a statement from a medical source about what [a claimant] can still do despite [their] impairment(s)," including the ability to perform the physical, mental, and other demands of work and adapt to environmental conditions. 20 C.F.R. § 404.1513(a)(2).

Even if there is some error, the Court "may not reverse an ALJ's decision on account of an error that is harmless." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012). An error is harmless when it is inconsequential to the ultimate non-disability decision. *Stout v. Comm'r of Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006). That is, "an error is harmless as long as there remains substantial evidence supporting the ALJ's decision and the error 'does not negate the validity of the ALJ's ultimate conclusion.'" *Molina*, 674 F.3d at 1115 (quoting *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1197 (9th Cir. 2004). "[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." *Id.* at 1111 (quoting *Shineski v. Sanders*. 556 U.S. 396, 409 (2009)).

2. **Analysis**

In a response to a questionnaire provided by Plaintiff's attorney dated July 9, 2019, Dr. Nora Aaron, ND, indicated that she had been Plaintiff's primary care physician since July 2018. AR 1607–09. Dr. Aaron wrote that Plaintiff suffered from chronic back pain, diabetes, hypertension, and right side sciatica and that her main symptoms were back and right leg pain. AR 1607. Dr. Aaron opined that "[d]ue to her chronic back pain and sciatica, [Plaintiff] would likely end up missing at least 2 work days a month." AR 1609. But Dr. Aaron declined to fill out the preceding Residual Physical Functional Capacity Assessment, writing: "Without performing a targetted [sic] exam to address/assess these questions—I do not have enough information to answer." AR 1608. The ALJ declined to consider Dr. Aaron's report, finding that she, "did not offer an opinion as to [Plaintiff's] function[;] as such, the blank medical source statements is [sic] neither persuasive nor supported." AR 23 (citation omitted).

PAGE 8 – OPINION AND ORDER

Defendant does not contest that Dr. Aaron, a naturopath, is a medical source under 20 C.F.R. § 404.1402(d) or that her opinion that Plaintiff would miss up to two days of work per month is a medical opinion under 20 C.F.R. § 404.1513(a)(2). Rather, Defendant argues that the ALJ's decision to disregard her opinion was supported by substantial evidence. ECF 11 at 2–3. While the findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive, 42 U.S.C. § 405(g), this does not relieve the agency of the obligations set out in the Federal Regulations. *See Woods*, 32 F.4th at 790; *id.* at 792 ("The agency must . . . explain how [it] considered the supportability factors." (internal quotations marks and citations omitted)). Thus, the salient question remains whether the ALJ adequately explained how it considered supportability and consistency.

This Court finds that the ALJ adequately addressed supportability but not consistency. Dr. Aaron's response to the questionnaire was threadbare. Although Dr. Aaron opined that Plaintiff would miss up to two days of work per month, she declined to answer substantively almost all the questions on the form. Dr. Aaron explicitly noted that she could not answer the RFC assessment because she had not performed targeted physical exams, AR 1608, and simply provided a conclusory statement that she would miss work up to twice a month, AR 1609. Although the ALJ could have articulated this in more detail, his statement that Dr. Aaron "did not offer an opinion as to the claimant's function" and provided "blank medical source statements" which were "neither persuasive nor supported." AR 23.

The same cannot be said about the consistency factor. The ALJ did not mention consistency even in passing with respect to Dr. Aaron. *See id*. This was error. Nevertheless, this Court finds that error harmless. "[An] ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by

PAGE 9 – OPINION AND ORDER

clinical findings." *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020) (internal quotation marks and citation omitted). Dr. Aaron's opinion was all three: a one sentence conclusion that Plaintiff would miss up to two days of work immediately following an admission that she could not assess Plaintiff's capacity without performing specific examinations. And, as Defendant points out, Dr. Aaron's conclusion that Plaintiff would miss time was only arguably consistent with the opinion of Bonnie Kelley, LCSW who reported that she expected Plaintiff to miss two workdays per month and opined that "[t]he client suffers from chronic debilitating pain and exhaust[i]on." AR 1606. But Plaintiff concedes that the ALJ had reason to find that LCSW Kelley may have been "not qualified to offer" the missed time limitation since she appears to have attributed it to physical rather than mental causes. ECF 10 at 6; *see* AR 22 ("Ms. [Kelley] appears to assign many of the claimant's limitations to physical rather than mental causes."). Plaintiff does not argue that any other medical source assessed a missed time limitation, and it is Plaintiff's burden to prove that the ALJ's error was harmful. This Court finds that Plaintiff has not met that burden and, especially given the conclusory nature of Dr. Aaron's opinion, the ALJ's failure to explicitly address the consistency factor was harmless.

## CONCLUSION

The ALJ did not commit harmful error in failing to address the consistency factor with respect to Dr. Aaron's opinion that Plaintiff would miss up to two work days per month. The Commissioner's decision that Plaintiff was not disabled is AFFIRMED.

**IT IS SO ORDERED**.

DATED this 9th day of June, 2022.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge

PAGE 10 – OPINION AND ORDER