IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **FRERITA H.-T.**, <br><br> Plaintiff, <br><br> v. <br><br> **COMMISSIONER, SOCIAL SECURITY ADMINISTRATION**, <br><br> Defendant. | Case No. 3:20-cv-01103-IM <br><br> **ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES UNDER 42 U.S.C. § 406(b)** |

**IMMERGUT, District Judge.**

Plaintiff Frerita H.-T. brought this action seeking review of the Commissioner's final decision denying her claim for Supplemental Security Income under Title II of the Social Security Act. Complaint, ECF 1. This Court affirmed the Commissioner's decision. Judgment, ECF 14. On appeal, the parties stipulated to a motion seeking vacatur and remand, which the Ninth Circuit granted. ECF 17. On remand, Plaintiff was found to be disabled in a fully favorable decision. Motion for Attorney's Fees ("Mot."), ECF 25, Att. 3.

PAGE 1 – ORDER

Under 42 U.S.C. § 406(b), this Court may allow a reasonable fee for an attorney who represented a Social Security claimant and obtained a favorable judgment, as long as the fee does not exceed 25 percent of the total past-due benefits. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). When a contingency agreement applies, this Court will look first to the agreement and conduct an independent review to assure the reasonableness of the fee requested, taking into consideration the character of the representation and results achieved. *See id.* at 807–08. Although the fee agreement is the primary means for determining the fee, this Court may reduce the fee for substandard representation, delay by the attorney, or because a windfall would result from the requested fee. *See Crawford v. Astrue*, 586 F.3d 1142, 1151 (9th Cir. 2009) (citing *Gisbrecht*, 535 U.S. at 808).

This Court has reviewed the record in this case, the motion, and the supporting materials, including the award of benefits, the fee agreement with counsel, and the recitation of counsel's hours and services. Plaintiff agreed to pay counsel fees of 25 percent of any past-due benefits awarded to her. Mot., ECF 25, Att.1. The amount sought by counsel, $14,926.50, is 25 percent of the total award $59,706. *See id.*, Att. 2 at 2. The representation was not substandard. The parties ultimately stipulated to a remand, and thereafter counsel received a fully favorable determination. There is no evidence of delay or that a windfall will result from the requested fee. Moreover, the Commissioner has no objection to the amount of the award. Applying the standards set by *Gisbrecht*, this Court finds that the requested fees are reasonable.

The parties dispute the wording to be used in this Order. Plaintiff's counsel's Proposed Order awarding fees provides the following:

> Plaintiff's Motion is hereby granted as follows: Kevin Kerr is allowed an attorney's fee under the Social Security Act, 42 U.S.C. § 406(b), in the amount of $14,926.50, to be paid in accordance with agency policy. Plaintiff's counsel shall refund the amount of

> $3,586.33 already received by counsel under the Equal Access to Justice Act.
>
> Any funds withheld by the Commissioner in anticipation of an order under Section 406(b), less an administrative assessment pursuant to 42 U.S.C. 406(d), may be paid to Kevin Kerr, using the information on file with the Agency, consistent with this order.

Mot., ECF 25, Att. 5.

The Commissioner insists that § 406 does not authorize an order directing the Commissioner to pay attorney's fees, and the Commissioner urges this Court to avoid "language directing that the Commissioner 'pay' the attorney's fees." Commissioner's Response, ECF 26 at 2. At bottom, the Commissioner appears concerned about being on the hook for attorney's fees in the event of a shortfall of withheld funds. *See id.* at 3–4. The Commissioner also notes that when an attorney receives fees under the Equal Access to Justice Act ("EAJA") and § 406(b), the attorney must refund the smaller fee award to the claimant. *See id.*

Plaintiff's Proposed Order does not direct the Commissioner to pay the fees, but rather states that counsel is allowed attorney's fees to be paid out of the past-due benefits withheld by the Commissioner. *See* Mot., ECF 25, Att. 5. Further, the Proposed Order directs Plaintiff's counsel to refund the EAJA award. *Id.* To the extent the Commissioner is concerned with this Court using wording that "directs" it to pay attorney fees, the Proposed Order contains no such words. Nor does the Proposed Order omit the obligation of Plaintiff's counsel to refund the smaller fee award.

Plaintiff's Motion is hereby GRANTED. Kevin Kerr is allowed attorney's fees under the Social Security Act, 42 U.S.C. § 406(b), in the amount of $14,926.50, to be paid out of the claimant's past-due benefits. Plaintiff's counsel shall refund the amount of $3,586.33 already received by counsel under the EAJA.

PAGE 3 – ORDER

Any funds withheld by the Commissioner in anticipation of an order under § 406(b), less an administrative assessment pursuant to 42 U.S.C. § 406(d), may be paid to Kevin Kerr, using the information on file with the Agency, consistent with this Order.

**IT IS SO ORDERED.**

DATED this 14th day of March, 2024.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge

PAGE 4 – ORDER